387 F.2d 619
 SOUTHERN CALIFORNIA EDISON COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
El Paso Natural Gas Company and Transwestern Pipeline Co., Intervenors, State of New Mexico, Intervenor.
 No. 16434.
 United States Court of Appeals Third Circuit.
 Argued November 9, 1967.
 Decided December 21, 1967.
 Rehearing Denied January 24, 1968.
 
 Rollin E. Woodbury, General Counsel, Los Angeles, Cal. (Harry W. Sturges, Jr., William E. Marx, Los Angeles, Cal., William R. Connole, Washington, D. C., R. Clyde Hargrove, Shreveport, La., on the brief), for petitioner.
 Israel Convisser, Federal Power Commissioner, Washington, D. C. (Richard A. Solomon, General Counsel, Peter H. Schiff, Sol., Washington, D. C., William I. Harkaway, Cyril S. Wofsy, James N. Horwood, Washington, D. C., on the brief), for respondent.
 
 
 1
 Gordon E. Davis, Brobeck, Phleger & Harrison, San Francisco, Cal. (G. Scott Cuming, General Counsel, E. G. Najaiko, Asst. General Counsel, El Paso, Tex., Malcolm T. Dungan, David F. Mackie, San Francisco, Cal., on the brief), for intervenor El Paso Natural Gas Co.
 
 
 2
 James W. McCartney, Vincon, Elkins, Weems & Searls, Houston, Tex. (Raybourne Thompson, Houston, Tex., on the brief), for intervenor Transwestern Pipeline Co.
 
 
 3
 Boston E. Witt, Atty. Gen. of State of New Mexico, Sante Fe, N. M. (J. M. Durrett, Jr., Sp. Asst. Atty. Gen., on the brief), for intervenor State of New Mexico.
 
 
 4
 John Ormasa, K. R. Edsall, Los Angeles, Cal., for Southern California Gas Co., Southern Counties Gas Co. of California and Pacific Lighting Service and Supply Co., amici curiae.
 
 
 5
 Sherman Chickering, C. Hayden Ames, Donald J. Richardson, Jr., Chickering & Gregory, San Francisco, Cal., for San Diego Gas & Electric Co., amici curiae.
 
 
 6
 Before STALEY, Chief Judge, and KALODNER and FOREMAN, Circuit Judges.
 
 OPINION OF THE COURT
 PER CURIAM:
 
 7
 Petitioner, Southern California Edison Company, pursuant to Section 19(b) of the Natural Gas Act, 15 U.S.C.A. Section 717r(b), seeks to set aside the July 26, 1966 Order of respondent, Federal Power Commission, which certificated proposals by El Paso Natural Gas Company and Transwestern Pipeland Company to increase the supplies of natural gas to distributors in southern California for resale to customers, including petitioner and the Los Angeles Department of Water and Power (L.A.D.W.P.), and denied certification of a proposal by Gulf Pacific Pipeline Company for direct sales exclusively to petitioner and L.A. D.W.P.
 
 
 8
 Gulf Pacific Pipeline Company has now been dissolved. L.A.D.W.P. has not filed a petition for review nor sought to intervene herein. Humble Oil & Refining Company, the major gas supplier for the Gulf Pacific project, has terminated its gas supply contract with the petitioner, as have the other producers for this project. They have not filed petitions to intervene here. El Paso and Transwestern Pipeline have intervened in support of the Federal Power Commission's challenged Order.
 
 
 9
 The critical questions presented are whether, in a comparative proceeding by competing applicants for the certification of facilities and sales and/or transmission of gas to southern California, the Commission's Order was rationally based, supported by the record and reached by procedures required by law.
 
 
 10
 On review of the record we are of the opinion that the questions compel answers in the affirmative. The record discloses that the Commission complied with procedures required by law and that it reasonably exercised its discretion on substantial and sufficient basis in fact and law. Once the existence of a rational basis for the Commission's action is ascertained the reviewing power is estopped from further consideration of the Commission's action. See Dorchester Gas Producing Company v. Federal Power Commission, 353 F.2d 162 (3 Cir. 1965), cert. den. 383 U.S. 969, 86 S.Ct. 1276, 16 L.Ed.2d 310 (1966). And see, Community Broadcasting Service, Inc. v. Federal Communications Commission, 126 U. S.App.D.C. 258, 377 F.2d 143, 144 (1967), where it was held that the choice of competing applicants for a broadcasting license "rests within the sound judgment of the Commission".
 
 
 11
 For the reasons stated the July 26, 1966 Order of the Federal Power Commission will be affirmed.